UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DONALD C. SWENSON and CHRISTINA L. SWENSON | Case No.: 3:18-cv-2049-CAB-LL |
|---|---|
| Plaintiffs, | **ORDER GRANTING MOTION FOR FOR ENTRY OF DEFAULT JUDGMENT** |
| v. | |
| GEORGE WEVELL, | |
| Defendant. | |

This matter is before the Court on Plaintiffs' motion for entry of default judgment. For the following reasons, the motion is granted.

**I.    Background**

Pro Se Plaintiffs Donald and Christina Swenson filed a complaint in admiralty on September 4, 2018. The complaint seeks declaratory judgment that a lien recorded by Defendant George Wevell on the title of the vessel M/V Christina L. (the "Vessel"), which Plaintiffs currently own, was invalid from the start and also has been extinguished by the passage of time, and that the Vessel is therefore no longer subject to the notice of claim of lien recorded by Wevell. According to the complaint, Plaintiffs paid Wevell the full amount he requested for work performed on the Vessel in the fall of 2010 even though the amount Wevell requested exceeded the amount agreed upon before Wevell started work, and even though Wevell did not finish the job. Plaintiffs allege that their ability to sell the

1

Vessel for fair value is significantly hampered so long as Wevell's notice of claim of lien remains on the title.

The summons and complaint were served on Wevell on October 7, 2018, but Wevell did not respond and has not otherwise appeared in this case. On December 17, 2018, Plaintiffs requested entry of default as to Wevell, and the Clerk of Court entered default. Plaintiffs now move for entry of default judgment. The motion was served by mail on Wevell, and he has not responded.

## II. Discussion

In light of Wevell's failure to respond to the complaint, all of the allegations contained within it, aside from the amount of damages, are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992).

It is within the Court's discretion to enter default judgment following entry of default by the clerk. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has identified seven factors for district courts to consider before entering default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72. All of these factors support entry of default judgment against Wevell.

### 1. Possibility of Prejudice to Plaintiffs

If denial of default judgment will likely leave a plaintiff without recourse for recovery, such potential prejudice favors entering default judgment. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Landstar Ranger, Inc.*

*v. Parth Enters.,* 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). Here, Plaintiffs assert that they cannot sell the Vessel for fair value while Wevell's notice of claim of lien remains on the title. Defendant has not appeared in this lawsuit and by failing to respond to the complaint has admitted all of the allegations in the complaint. Thus, Plaintiffs have no other means to obtain relief, and Plaintiffs will likely suffer prejudice without the entry of default judgment.

### 2. Merits of Plaintiffs' Substantive Claim/Sufficiency of the Complaint

This Court has jurisdiction over this lawsuit pursuant to 46 U.S.C. § 31343(c)(2) which states:

> The district courts of the United States shall have jurisdiction over a civil action in Admiralty to declare that a vessel is not subject to a lien claimed under subsection (b) of this section, or that the vessel is not subject to the notice of claim of lien, or both, regardless of the amount in controversy or the citizenship of the parties. Venue in such an action shall be in the district where the vessel is found or where the claimant resides or where the notice of claim of lien is recorded. The court may award costs and attorneys fees to the prevailing party, unless the court finds that the position of the other party was substantially justified or other circumstances make an award of costs and attorneys fees unjust. The Secretary shall record any such declaratory order.

The complaint alleges that the lien recorded by Wevell was invalid from its inception because Plaintiffs had paid Wevell the amount Wevell demanded for work performed on the Vessel, even though that amount exceeded the amount agreed upon and the value of the work performed. The complaint also alleges that the notice of lien was invalid because a copy was never provided to Plaintiffs as required by 46 U.S.C. § 31343(b)(1)(B). With their motion for default judgment, Plaintiffs have provided evidence supporting these allegations, including declarations and documentation. As Wevell has not appeared, this evidence is unrebutted

Plaintiffs also argue that even if the notice of claim of lien was initially valid, it has since expired pursuant to 46 U.S.C. § 31343(e), which states that a notice of claim of lien like the one recorded by Wevell on the Vessel "shall expire 3 years after the date the lien

was established, as such date is stated in the notice. . . ." Wevell's notice of lien stated that the lien was established on April 5, 2012. Thus, the notice of lien has long since expired pursuant to the statute.

In addition, Plaintiffs contend that the statute of limitations for any claim by Wevell on the alleged debt owed for work he performed in 2010 is time-barred under California's two-year statute of limitations for actions upon oral contracts. *See* Cal. Code. Civ. Proc. § 339. As more than eight years have passed since Wevell performed any work on the Vessel, this argument appears to be a meritorious argument as well.

Finally, Plaintiffs argue that laches extinguished Wevell's lien. "Laches requires the presence of both inexcusable delay and prejudice." *Stevens Tech. Servs., Inc. v. S.S. Brooklyn*, 885 F.2d 584, 588 (9th Cir. 1989). Wevell's lack of action to enforce the lien for over six years despite the Vessel remaining in San Diego is inexcusable. Further, his delay has prejudiced Plaintiffs by clouding the title of the Vessel and hampering their ability to sell it. Accordingly, the Court agrees that even if the notice of lien were valid and not expired, any suit to enforce the lien would be barred by the doctrine of laches.

In sum, Plaintiffs' claim has merit, and the allegations in the complaint are sufficient. Accordingly, these factors support entry of default judgment.

### 3. The Sum of Money at Stake

Courts "consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1176. Here, the complaint seeks only declaratory relief that a lien for $2,888 is invalid or has been extinguished. The small amount at stake supports entry of default judgment.

### 4. The possibility of a dispute concerning material facts

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *Televideo v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987); *Geddes*, 559 F.2d at 560. Because Plaintiffs have "supported [their] claims with ample evidence, and [Wevell] has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default

judgment." *Landstar,* 725 F. Supp. 2d at 922 (C.D. Cal. 2010). Therefore, this factor weighs in favor of entry of default judgment.

### 5. Whether the default was due to excusable neglect

Wevell was properly served with the summons and complaint. [Doc. Nos. 5, 6, 7-2.] Therefore, the default is not due to excusable neglect. *See e.g.,, Craigslist, Inc. v. Kerbel,* No. 11-3309, 2012 WL 3166798, at *8 (N.D. Cal. Aug 2, 2012) (finding that defendant's default was unlikely due to excusable neglect considering fact that "Plaintiffs served not only the summons and complaint but also the request for entry of default on Defendant but still received no response"). Accordingly, this factor favors default judgment.

### 6. Policy for Deciding Cases on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Here, Wevell's "failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 177. "Thus, the preference to decide cases on the merits does not preclude a court from granting default judgment." *Id.* (citation omitted).

## III. Relief Sought

The complaint prays for an order declaring that any claims Wevell may have had against Plaintiffs arising out of his work on the Vessel are time-barred by the applicable statute of limitation and laches, and that any maritime lien claims of Wevell arising out of his work on the Vessel are null, void and unenforceable. The complaint also prays for an order requiring the United States Coast Guard document center to delete and expunge Wevell's lien from the Vessel's title. With their motion for default judgment, Plaintiffs submitted a proposed order seeking this same declaratory relief along with their costs of suit, consisting of their $400 filing fee.

The Court cannot enter an order requiring any action by the United States Coast Guard because it is not a party to this action. *See generally Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110–12 (1969) (discussing circumstances under which a

court lacks jurisdiction to adjudicate claims or obligations against non-parties). However, the remaining relief appears to be appropriate and within the Court's jurisdiction to grant pursuant to 46 U.S.C. § 31343(c)(2).

**IV. Disposition**

For the foregoing reasons, Plaintiffs' motion for default judgment is **GRANTED**. It is further **ORDERED** that the Clerk of Court shall enter **JUDGMENT** in favor of Plaintiffs and against Defendant as follows:

1. Defendant George Wevell improperly recorded a notice of claim of lien on the title abstract of the vessel M/V Christina L., official number 672151, on April 12, 2012 at batch number 859987, document ID 15012261, because the amount owed had already been discharged and because the notice of the claim of lien was not provided to the owner of the vessel as required by 46 U.S.C. § 31343(b)(1)(B)(i);
2. Any liens George Wevell may have had on the vessel M/V Christina L. arising out of work performed before April 12, 2012 are time-barred under the applicable statutes of limitations, barred by the doctrine of laches, or both;
3. The vessel Christina L. is not subject to the notice of claim of lien filed by Defendant George Wevell on April 12, 2012 at batch number 859987, document ID 15012261, or to the lien itself claimed thereunder; and,
4. George Wevell is enjoined from recording any notice of lien on the vessel Christina L. arising out of any work allegedly performed prior to April 12, 2012.

It is further **ORDERED** that costs be taxed in the amount of $400.00 for Plaintiffs.

It is **SO ORDERED**.

Dated: February 27, 2019

Hon. Cathy Ann Bencivengo
United States District Judge